UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAJUAN A. DARDEN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-30

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 7),[2] and the record as a whole.

### I.

**A.    Procedural History**

Plaintiff filed for SSI on March 25, 2014 (PageID 997) alleging disability as a result of a number of alleged impairments including, *inter alia*, Achilles tendonitis, osteoarthritis of the feet and knees, obesity, and depression. PageID 47.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After initial denial of his applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on October 12, 2016. PageID 145. The ALJ issued a written decision on February 21, 2017 finding Plaintiff not disabled. PageID 48. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 59-60.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 30-32. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 45-60), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.     **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46

---

[3] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.1567(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1/;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred in: (1) evaluating the medical opinion of treating physician Darrell Ballinger, D.P.M.; (2) evaluating the medical opinions of the state agency's consultants; (3) considering and accounting for Plaintiff's obesity; and (4) obtaining a third party consultative examination without first pursuing additional evidence from the treating specialist. Finding error in the ALJ's assessment of Dr. Ballinger's opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's]

4

medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Here, the record includes the opinion of treating podiatrist Dr. Ballinger, who diagnosed Plaintiff with Achilles tendonitis, tarsal tunnel syndrome, muscle spasm, and edema. PageID 723-24. Due to these impairments, Dr. Ballinger opined that Plaintiff would be able to stand for only fifteen minutes at a time, and would be required to occasionally elevate his legs during an eight-hour work day. *Id*. Ultimately, Dr. Ballinger concluded that Plaintiff would not be able to perform

5

full-time competitive work without missing work more than two times per month or without being off-task more than 15% of the workday. *Id*. The Vocation Expert ("VE") at the hearing testified that if Plaintiff was required to elevate his legs while sitting, or if he was off-task just 10% of the workday, he would be precluded from competitive employment. PageID 101-02.

The ALJ concluded that Dr. Ballinger's treating opinion was not entitled to controlling weight because it was "not fully supported by the record." PageID 57. Rather, the ALJ afforded the opinion "partial weight," finding only Dr. Ballinger's limitation regarding Plaintiff's inability to stand for longer than 15 minutes at a time "well-supported by the record." *Id*. The ALJ otherwise determined that "the record does not support the conclusion that the claimant would need to elevate his feet occasionally… [and] there is no evidence that he would be off task for 15 percent of the workday . . .." *Id*. As explained more fully below, the undersigned finds that the ALJ erred in three respects in his assessment of Dr. Ballinger's opinion.

First, the ALJ erroneously articulated the controlling weight test. PageID 57. To be afforded controlling weight, a treating physician's opinion need not be, as the ALJ asserted, "fully supported" by evidence in the record. Soc. Sec. R. 96-2, 1996 WL 374188, at 83. An opinion that is "not inconsistent with substantial evidence in the first step does not have to be supported directly by all of the other evidence (*i.e.,* it does not have to be consistent with all other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." *Id.*; *see also Cowens v. Berryhill*, No. 3:16-CV-227, 2017 WL 3015701, at *6 (S.D. Ohio July 17, 2017). This oversight is not harmless where, as here, the ALJ failed to cite to any inconsistent evidence and this Court is consequently deprived of a "meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

Indeed, when discounting a treating physician's opinion, an ALJ must give good reasons that are "supported by the evidence in the case record." *Blakely*, 581 F.3d at 406-07. The ALJ erred in the second instance in failing to provide even a single citation to the record that reinforces his assessment that "no evidence" supports Dr. Ballinger's limitations. PageID 57. The ALJ's failure to explain more, aside from this conclusory analysis, "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407; *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion . . . gets the short end of the stick").

This error is especially glaring in light of the medical records of evidence that are consistent with, and supportive of, Dr. Ballinger's opinion. Most significantly, the objective medical observations of treating physician Morris Brown, M.D. demonstrate abnormal strength; pain with palpation; antalgic gait; tenderness in Plaintiff's feet and ankles; midfoot cavus; limited range of motion; erythema; swelling; and midfoot planus. PageID 311, 325, 328, 341, 345, 349, 356, 590, 596, 599, 606, 617. Dr. Brown also consistently noted that the severity of Plaintiff's pain worsened over time. PageID 311-56.

Further, the records of treating podiatrist, John Stevenson, D.P.M. also appear supportive of Dr. Ballinger's limitations. Dr. Stevenson documented swelling and erythema at the Achilles; palpable bone enlargement; the exacerbation of symptoms with weight bearing; tenderness on palpation of the plantar metatarsal; and heel pain with palpation. PageID 379, 386, 397, 398, 400. Dr. Ballinger's own treating notes similarly support the limitations he opined. Specifically, he noted that Plaintiff has a limited range of motion in his ankles and pain with palpation to the

7

Achilles; he was required to have nail debridement; was given additional braces for his ankles; and was advised on steroid injections and other prescriptions for pain relief. PageID 959-68.

Finally, in regard to the ALJ's analysis of Dr. Ballinger's opinion requiring Plaintiff to occasionally elevate his feet, the ALJ erred by substituting his own lay medical opinion for that of the treating physician's. *See Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) (holding an ALJ "may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"). The ALJ discredited this limitation because "the medical evidence does not show *severe* edema." PageID 57 (emphasis added). But, determining that only *severe* edema would require such a limitation is a medical finding reserved for a physician. *Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating, "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings")). Nor is the ALJ permitted to interpret unqualified raw medical data of "edema" as "not severe." *See Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms").

As identified by Plaintiff, the record contains repeated findings of "edema." *See e.g.,* PageID 590, 596, 599, 606, 617. But the severity of the edema is not specified, and the ALJ may not interpose his own qualifiers on the raw medical data and discredit a treating physician's opinion on that basis. *See Drew v. Comm'r of Soc. Sec.*, No. 3:16-CV-289, 2017 WL 2805098, at *6 (S.D. Ohio June 29, 2017*), report and recommendation adopted*, No. 3:16-CV-289, 2017 WL 3024248 (S.D. Ohio July 17, 2017) (finding reversible error where the ALJ interpreted a treating physician's notes indicating "significant anxiety symptoms" as "mild to moderate anxiety"). In light of all the

foregoing, the undersigned finds reversible error in the ALJ's analysis of Dr. Ballinger's medical opinion.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   December 18, 2018                                  s/ Michael J. Newman
                                                                                                             Michael J. Newman
                                                                                                             United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).